# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AKIN ERDOGAN | CIVIL ACTION |
| VERSUS | NUMBER: 19-11391 |
| NOUVELLE SHIPMANAGEMENT CO., YA-SA GEMI ISLETMECILIGI VE TICARET A.S., and ASSURANCEFORENINGEN GARD - GJENSIDIG | SECTION "R" (1) |
| | JUDGE VANCE |
| | MAGISTRATE VAN MEERVELD |

## DEFENSES AND ANSWER

NOW INTO COURT, through undersigned counsel, come defendants, Nouvelle Shipmanagement Co. ("Nouvelle"), Ya-Sa Gemi Isletmeciligi Ve Ticaret A.S. ("Ya-Sa"), and Assuranceforeningen Gard - Gjensidig ("Gard") to defend against and answer the Petition for Damages of plaintiff Akin Erdogan, as follows:

## FIRST DEFENSE

This Court lacks personal jurisdiction over the defendants.

## SECOND DEFENSE

There has been an insufficiency in the service of process and/or insufficient process whereby the court has not gained jurisdiction over the defendants.

## THIRD DEFENSE

The Petition for Damages fails to state a claim or cause of action, in whole or in part, upon which relief can be granted.

**FOURTH DEFENSE**

Venue is improper. Alternatively and/or additionally, this is an improper venue pursuant to applicable forum selection clauses and/or choice of law clauses, and/or this is an inconvenient forum based on the doctrine of *forum non conveniens*.

**FIFTH DEFENSE**

This action, or parts of it, is subject to arbitration and/or mandatory dispute resolution procedures, and/or it is properly subject to resolution in previously filed litigation pending in Turkey.

**SIXTH DEFENSE**

Pending further discovery, defendants contend that there may be a failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

Defendants affirmatively state that this action is not governed by the laws of the United States as it involves a controversy solely between persons and/or entities who are citizens and residents of Turkey, occurring aboard a foreign flag vessel.

**EIGHTH DEFENSE**

Defendants also plead the defense of *lis pendens*, based on previously pending litigation or arbitration between these parties, and *res judicata*, to the extent that the claims or causes of action herein may have been decided or determined by any other court or tribunal of proper authority, including tribunals or commissions in Turkey.

**NINTH DEFENSE**

NOW, answering specifically the numbered paragraphs of the Petition for Damages, defendants aver as follows:

**1.**

It is admitted that Nouvelle is a foreign (Marshall Islands) company or other legal entity, but all remaining allegations are denied.

**2.**

It is admitted that Ya-Sa is a foreign (Turkish) company or other legal entity, but all remaining allegations are denied.

**3.**

It is admitted that Gard is a non-U.S. Protection and Indemnity Club which at all material times provided certain coverages to Nouvelle, Ya-Sa, and/or the M/V YASA NESLIHAN. Gard denies all remaining allegations of this paragraph and specifically and affirmatively pleads all terms and conditions of the applicable rules of P&I entry, including but not limited to the mandatory arbitration provisions contained within the rules.

**4.**

No answer is required to the allegations of this paragraph which state conclusions of law and/or matters of jurisdiction. However, to the extent answer is required, defendants deny that U.S. law, including the Jones Act, applies to this controversy.

**5.**

It is admitted that on or about August 10, 2016 plaintiff was employed by Nouvelle as a seaman aboard the M/V YASA NESLIHAN. However, it is denied that plaintiff was a Jones Act seaman because U.S. law does not apply to this case.

**6.**

It is admitted that Nouvelle at the time in question was the owner of the M/V YASA NESLIHAN, a vessel in navigation. All other allegations are denied.

**7.**

It is admitted that Ya-Sa managed the M/V YASA NESLIHAN in certain particulars at all material times. All other allegations are denied.

**8.**

It is admitted that the plaintiff sustained injuries on August 10, 2016 when the M/V YASA NESLIHAN was in the Mississippi River, but the extent and nature of those injuries are denied for lack of sufficient information to justify belief therein. All other allegations of this paragraph are denied.

**9.**

Denied. Defendants were not negligent nor was the vessel unseaworthy in any respect.

**10.**

Denied and/or denied for lack of sufficient information to justify belief therein.

**11.**

Denied. U.S. law does not apply and plaintiff is not entitled to maintenance and cure benefits. Further answering, plaintiff has been paid all accident-related benefits which he is entitled to receive.

**12.**

Denied and/or denied for lack of sufficient information to justify belief therein.

**13.**

Denied. Plaintiff is not entitled to maintenance and cure benefits as that term is used in U.S. law, and he has been paid all accident-related benefits he is entitled to receive under his employment contract and under the applicable Collective Bargaining Agreement and the laws of Turkey.

**14.**

Denied. U.S. law does not apply. Plaintiff has been paid all accident-related benefits he is entitled to receive. Further answering, to the extent U.S. law applies, which is denied, the United States Supreme Court has held that punitive damages are not available for gross negligence or unseaworthiness under the general maritime law.

**15.**

No answer is required to the allegations of this paragraph which request trial by jury; however, defendants reserve their rights to strike the jury on any and all available grounds.

**16.**

**TENTH DEFENSE**

Pending further discovery in this complicated international controversy, defendants affirmatively plead the defenses of:

- **accord and satisfaction** (should plaintiff have been paid compensation under any contractual or governmental procedures);
- **arbitration and award** (should arbitration be applicable);
- **assumption of risk** (to the extent this defense is applicable under the law applicable to this case);

- **contributory negligence** (based on plaintiff's failure to properly guard his own safety and/or to otherwise act prudently);

- **injury by fellow servant** (should this defense be available under the law applicable to this claim);

- **laches** (to the extent this defense is available under the law applicable to this claim);

- **payment** (should plaintiff have been fully and/or properly paid under any contractual or governmental procedures);

- **release** (should plaintiff have signed any type of release);

- ***res judicata*** (should plaintiff have settled or resolved his case through any other court or grievance procedures); and

- **statute of limitations** (should this claim be time-barred under the law properly applicable to it).

### ELEVENTH DEFENSE

Defendants further aver that plaintiff has failed to properly mitigate his damages as required by law.

### TWELFTH DEFENSE

Defendants contend that plaintiff's injuries, or some of them, pre-existed in whole or in part the accident in suit and/or they are the natural progression of conditions which pre-existed the accident in whole or in part.

### THIRTEENTH DEFENSE

To any extent necessary, defendants reserve their rights to claim all benefits of the statutes of the United States, Turkey or any other nation regarding Limitation of Liability (46 U.S.C. §30501; formerly 46 U.S.C. §183 et. seq.).

## FOURTEENTH DEFENSE

Defendants contend this case cannot properly be maintained in this Court; however, should the Court somehow decide to maintain jurisdiction over it, defendants contend that it is governed by foreign law (probably the law of Turkey) and herewith give notice of the application of foreign law pursuant to Rule 44.1 of the Federal Rules of Civil Procedure.

## FIFTEENTH DEFENSE

Defendants reserve their rights to terminate maintenance and cure and/or all related benefits if plaintiff failed to disclose physical conditions during the hiring process which, if disclosed, would have resulted in a decision to refrain from hiring plaintiff.

## SIXTEENTH DEFENSE

All claims against Gard are subject to mandatory arbitration in Norway pursuant to the terms and conditions of the Rules of Entry. See, e.g., *Todd v. Steamship Mutual*.

## SEVENTEENTH DEFENSE

Any allegations not specifically admitted are hereby denied; furthermore, defendants specifically reserve the right to amend their answer as further discovery is obtained.

WHEREFORE, after due proceedings, defendants, Nouvelle Shipmanagement Co., Ya-Sa Gemi Isletmeciligi Ve Ticaret A.S. and Assuranceforeningen Gard - Gjensidig, pray that plaintiff's Seaman's Complaint be dismissed, with prejudice, and at plaintiff's costs. Defendants further pray for all such other and further relief as law and justice and equity may require.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *s/ Kevin J. LaVie*
  KEVIN J. LAVIE, T.A. (#14125)
  MICHAEL F. HELD (#37466)
  Canal Place
  365 Canal Street - Suite 2000
  New Orleans, Louisiana 70130-6534
  Telephone: 504-566-1311
  Telecopier: 504-568-9130
  Email: kevin.lavie@phelps.com
    michael.held@phelps.com
  Attorneys for Defendants, Nouvelle
    Shipmanagement Co.,
    Ya-Sa Gemi Isletmeciligi Ve
    Ticaret A.S., and
    Assuranceforeningen Gard -
    Gjensidig